1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL AARON JAYNE,

11          Plaintiff,              No. CIV S-06-0097 DFL DAD P

12      vs.

13   ARNOLD Schwarzenegger,
     et al.,                        ORDER AND
14
            Defendants.             FINDINGS AND RECOMMENDATIONS
15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  The proceeding was referred to the undersigned magistrate judge in accordance with

19   Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

20          The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

22   § 1915A(a).  Pursuant to the screening requirement, the court must dismiss claims that are legally

23   frivolous or malicious, claims that fail to state a claim upon which relief may be granted, and

24   claims that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

25   § 1915A(b)(1) and (2).  Similarly, when a plaintiff seeks leave to proceed in forma pauperis, the

26   court is required to dismiss the case if the court determines that the action is frivolous or

1

1  malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a

2  defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

5  (9th Cir. 1984).  The court may dismiss a claim as frivolous where it is based on an indisputably

6  meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

7  327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

8  arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);

9  Franklin, 745 F.2d at 1227.

10       A claim should be dismissed for failure to state a claim upon which relief may be

11  granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim

12  that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v.

13  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

14  complaint under this standard, the court accepts as true the allegations of the complaint.  See

15  Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also construes

16  the pleading in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's

17  favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

18       In the present case, plaintiff is a state prisoner confined in Deuel Vocational

19  Institution.  Plaintiff has sued the current governor of the State of California, a former secretary

20  of the California Youth and Adult Correctional Agency, a former director of the California

21  Department of Corrections, a deputy director of the CDC Parole and Community Services

22  Division, and numerous commissioners and deputy commissioners of the Board of Prison Terms.

23       Plaintiff alleges as follows:  On October 11, 2005, he was arrested in Shasta

24  County for suspected assault, resisting arrest, and carjacking; he was found factually innocent of

25  all charges; subsequently, a probable cause hearing was held on parole violation charges of

26  assault, carjacking, threats, stalking, and resisting; the deputy commissioner dropped all charges

1   except the charge of resisting; at the parole revocation hearing, the deputy commissioner found

2   good cause to revoke parole and took away plaintiff's good time credits; plaintiff's rights were

3   violated at the hearing; plaintiff appealed the finding of good cause in the state courts through a

4   petition for writ of habeas corpus; plaintiff had difficulty preparing the writ because he needed a

5   written transcript of the tape recorded hearing.

6          Plaintiff alleges that he is unlawfully confined because of Fifth and Fourteenth

7   Amendment violations that occurred during his parole revocation proceedings.  Plaintiff seeks a

8   permanent injunction applicable to his own hearing and all future parole revocation hearings for

9   all parolees.  Plaintiff seeks to (1) prohibit use of any evidence not disclosed to the parolee prior

10  to the hearing; (2) require preparation of written transcripts of all hearings; (3) prohibit the Board

11  from proceeding on any charge for which the parolee was found factually innocent by a court or

12  jury; (4) prohibit the appearance of any witness not disclosed in reports given to the parolee prior

13  to the hearing; (5) require that the appointed attorney who represents the parolee at his probable

14  cause hearing also represent the parolee at the revocation hearing unless the parolee waives this

15  requirement; (6) prohibit the use of hearsay unless the parolee can, on the same day the hearsay is

16  offered, confront the person who provided the information; and (7) prohibit use of juvenile

17  records as a basis for taking away good time credits.

18         Plaintiff requests that defendants be required to pay compensatory damages of

19  $150.00 per day for the twelve-month period of custody imposed on him as a result of the

20  violation of his constitutional rights.  Plaintiff also requests punitive damages in an amount to be

21  determined by a jury.

22         When a state prisoner challenges the legality of his custody and the relief he seeks

23  will result in an earlier or immediate release from confinement, his sole federal remedy is a writ

24  of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  The plaintiff in this civil

25  rights case was pursuing habeas corpus relief in the state courts when he filed this action on

26  January 17, 2006.  Plaintiff subsequently filed a federal petition for writ of habeas corpus

1   challenging his December 15, 2005 parole revocation.  See Michael Aaron Jayne v. Director,

2   California Dep't of Corrections, case No. CIV S-06-0823 DFL DAD P (filed April 24, 2006).

3   The injunctive relief requested by plaintiff in this civil rights action is sought for the purpose of

4   invalidating his 2005 parole revocation.  To the extent that plaintiff seeks habeas relief in a civil

5   rights action, his claims are duplicative of the claims alleged in his habeas case and must be

6   dismissed as improperly presented in a civil rights case.

7          When a prisoner seeks money damages for confinement that is alleged to be

8   unlawful, the prisoner may not seek damages pursuant to § 1983 until he has established, through

9   appropriate state or federal remedies, that his confinement is or was in fact unlawful.  Edwards v.

10  Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Plaintiff's

11  2005 parole revocation has not been invalidated.  Accordingly, plaintiff's request for damages is

12  premature.  To the extent that plaintiff seeks damages for his parole revocation and/or his loss of

13  time credits, his claims are not cognizable under § 1983 at this time and must be dismissed

14  without prejudice.  Plaintiff may re-file such claims in a new case at a later time if his parole

15  revocation is "reversed on direct appeal, expunged by executive order, declared invalid by a state

16  tribunal authorized to make such determination, or called into question by a federal court's

17  issuance of a writ of habeas corpus."  Heck, 512 U.S. at 486-87.

18         It is evident that plaintiff cannot amend his pleading to state a claim that is

19  cognizable in federal court at the present time.  The complaint should therefore be dismissed

20  without leave to amend.  See Coakley v. Murphy, 884 F.2d 1218, 1221-22 (9th Cir. 1989).  In

21  light of the fact that plaintiff's complaint fails to state a claim upon which relief may be granted

22  at this time, the undersigned will recommend that this action be dismissed without prejudice and

23  that plaintiff's application to proceed in forma pauperis be denied.

24         Plaintiff has filed a motion for appointment of counsel.  The United States

25  Supreme Court has ruled that district courts lack authority to require counsel to represent

26  indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

                                    4

1    (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

2    counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

3    1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

4    court does not find the required exceptional circumstances.  Plaintiff's motion will therefore be

5    denied.

6              IT IS HEREBY ORDERED that plaintiff's January 17, 2006 motion for

7    appointment of counsel is denied; and

8              IT IS RECOMMENDED that:

9              1.  Plaintiff's January 17, 2006 application to proceed in forma pauperis be

10   denied; and

11             2.  This action be dismissed without prejudice for failure to state a claim that is

12   cognizable at this time.

13             These findings and recommendations are submitted to the United States District

14   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

15   days after being served with these findings and recommendations, plaintiff may file written

16   objections with the court.  A document containing objections should be titled "Objections to

17   Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

18   objections within the specified time may, under certain circumstances, waive the right to appeal

19   the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20   DATED: June 15, 2006.

21

22                                        _____

23                                        DALE A. DROZD
                                          UNITED STATES MAGISTRATE JUDGE

24   DAD:13
     jayn0097.56

25

26

5