IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL AARON JAYNE,

          Plaintiff,

vs.

ARNOLD SCHWARZENEGGER, *et al.*,

          Defendants.

No. 2:06-cv-00097-JKS-DAD

ORDER

       Plaintiff, a state prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

       On June 15, 2006, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days.  Plaintiff has filed objections to the Findings and Recommendations.

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds that due to an intervening change in circumstances the Findings and Recommendations are not supported by the record and by proper analysis.

       In his objections, Plaintiff in effect reiterates his complaint, *i.e.*, that he is being illegally held because his parole was revoked in violation of his constitutional rights.  The fatal defect in Plaintiff's case as it stood at the time the Magistrate Judge rendered his Findings and Recommendations was that, under the *Heck* doctrine,[1] it must have been initiated by a 28 U.S.C. § 2254 habeas petition.  Under *Heck* until such time as the parole revocation action was reversed

---

[1] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

or otherwise overturned, Plaintiff was not entitled to relief under 42 U.S.C. § 1983. *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

However, since the Findings and Recommendations were filed, Plaintiff's federal habeas action attacking the revocation of parole, *Jayne v. Director, Calif. Dep't of Corrections and Rehabilitation*, 2:06-cv-00723-DFL-DAD, filed in this Court was dismissed March 19, 2007, as moot (Plaintiff had completed the term of imprisonment imposed for the parole violation).[2] It also appears from the record in the federal habeas proceeding that his state habeas petition was denied by the California Supreme Court on independent and adequate state law procedural grounds citing *People v. Duvall*, 886 P.2d 1252 (Cal. 1995) (failure to include documentary evidence), and *In re Swain*, 209 P.2d 793 (1949) (unexplained delay). Thus, it appears that habeas relief is no longer available. Consequently, under controlling Ninth Circuit authority, the *Heck* bar is removed and Plaintiff's action to the extent it seeks monetary damages may proceed. *Nonnette v. Small*, 316 F.3d 872, 876–77 (9th Cir. 2002).

The Court has reviewed the complaint and determined that, as presently drafted, it is deficient and fails to state a cause of action. In particular, the Court is unable to determine which defendants should be called upon to answer the complaint or which actions Plaintiff contends violate the Constitution or federal law and which are merely state law violations not raising federal issues. Plaintiff must generally allege sufficient facts to provide each defendant and the Court with notice as to which acts or omissions of the defendant violated clearly established law. *Preschooler II v. Clark County School Bd. Of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (requiring personal participation in the alleged constitutional violations). There can be no liability under § 1983 absent an affirmative link between a defendant's actions and the claimed deprivation. *See May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations will not suffice. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

---

[2] The Court takes judicial notice of its own files. *See* Fed. R. Evid. 201.

The Court also notes that it appears that Plaintiff is no longer incarcerated.  This may have caused a significant change in his financial status to the extent that he is no longer eligible to proceed *in forma pauperis*.

The following guide is provided Plaintiff to follow in drafting his amended complaint:

1. The complaint must—

   (a) comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice,

   (b) bear the docket number assigned to this case, and

   (c) be clearly captioned "Amended Complaint";

2. Each claim must be separately identified and stated;

3. Include only claims for violations of the Constitution or laws of the United States; and

4 For each named defendant describe how that person is personally involved in violating Plaintiff's rights, *i.e.*, specify what act or omission of the defendant violated plaintiff's rights and when that act or omission occurred; and

Accordingly, IT IS HEREBY ORDERED THAT:

1. The Findings and Recommendations filed June 15, 2006, are rejected;
2. The motion to proceed *in forma pauperis* is DENIED, without prejudice;
3. The Complaint is DISMISSED, without prejudice;
4. Plaintiff is granted until **April 28, 2008**, to file an amended complaint complying with this Order and accompanied by the statutory filing fee or a new application to proceed *in forma pauperis*;
5. The matter is recommitted to the Magistrate Judge for further proceedings; and
6. The Clerk of the Court is directed to send Plaintiff a copy of the "Pro Se Package a Simple Guide to Filing a Civil Action."

Dated:  March 21, 2008.

                                           s/ James K. Singleton, Jr.
                                           JAMES K. SINGLETON, JR.
                                           United States District Judge