IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL AARON JAYNE,

    Plaintiff,                    No. CIV S-06-0097 JKS DAD P

    vs.

ARNOLD SCHWARZENEGGER,
et al.,

    Defendants.                ORDER

                                /

          Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint as well as plaintiff's motions to seal the record in this case.

**PROCEDURAL HISTORY**

          Plaintiff commenced this action by filing a civil rights complaint, challenging his parole revocation proceedings. On June 15, 2006, the undersigned recommended dismissal of this action because plaintiff's parole revocation had not been invalidated through habeas corpus proceedings or otherwise. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). On March 21, 2008, the assigned district judge rejected the findings and recommendations because, while the findings and recommendations were pending, plaintiff's petition for a writ of habeas corpus had been dismissed as moot. The assigned district judge also reviewed plaintiff's complaint and

1

determined that, as presently drafted, it failed to state a cause of action. In addition to granting plaintiff leave to amend, the assigned district judge noted that plaintiff was no longer incarcerated and therefore denied plaintiff's motion to proceed in forma pauperis without prejudice. The assigned district judge then referred the matter back to the undersigned.

The time period for filing an amended complaint along with the appropriate filing fee or a new application to proceed in forma pauperis expired, and plaintiff had not filed an amended complaint, had not paid the appropriate filing fee, had not filed a new application to proceed in forma pauperis, and had not otherwise responded to the court's order. Accordingly, on May 9, 2008, the undersigned again issued findings and recommendations recommending dismissal of this action without prejudice. See Local Rule 11-110; Fed. R. Civ. P. 41(b). On August 25, 2008, the assigned district judge rejected the findings and recommendations because, while these findings and recommendations were pending, plaintiff filed an amended complaint along with a declaration asking the court to accept the belatedly filed amended complaint. Plaintiff, then incarcerated in the Shasta County Jail, also filed a new application to proceed in forma pauperis. The assigned district judge construed plaintiff's declaration as a motion for leave to amend and granted both the motion and plaintiff's application to proceed in forma pauperis. The assigned district judge then referred the matter to the undersigned once again.

**SCREENING REQUIREMENT**

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1    The court is required to screen complaints brought by prisoners seeking relief
2 against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
3 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
4 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
5 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
6 U.S.C. § 1915A(b)(1) & (2).

7    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
9 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
10 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
11 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
12 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13 Cir. 1989); Franklin, 745 F.2d at 1227.

14    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
15 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
16 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
17 Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007) (quoting Conley v. Gibson,
18 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a
19 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
20 must contain factual allegations sufficient "to raise a right to relief above the speculative level."
21 Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must
22 accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital
23 Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the
24 plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421
25 (1969).
26 /////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff has identified as defendants the following entities and individuals: Shasta County, Shasta County Deputy Sheriff Greg Maul, Shasta County Patrol Captain Tom Boserko, Shasta County Sheriff's Swat Team, Shasta County District Attorney Jerry Benito, Shasta County Deputy District Attorney O'Marha, Deputy Parole Commissioner Robert Harmon, Parole Agent Larry Welch, Parole Agent Randy Abney, Witness Bonnie Jennings, Witness Harvey Leedy, and the Director of the California Department of Corrections and Rehabilitation ("CDCR"). (Am. Compl. at 3-4.)

1    In his amended complaint, plaintiff alleges as follows. On or about October 9, 2005, defendant Maul interviewed a victim of an attempted car-jacking. As a result, defendant Maul issued a "be on the look out" bulletin for plaintiff, believing that he was a suspect in the commission of the attempted car-jacking. On or about October 11, 2005, defendant Maul and the Shasta County Swat Team arrived at the residence of William Sergent and yelled to plaintiff to come out of the house. Plaintiff told the detectives that he did not do anything wrong and felt that if he came out of the house, he would be shot and killed. (Id. at 6.)

Ultimately, plaintiff surrendered to members of the Swat Team. During the surrender, however, Swat Team members threw plaintiff, his wife, and their newborn daughter to the ground. They then booked plaintiff in the Shasta County Jail on charges of attempted car-jacking, great bodily injury, and resisting an officer. (Id. at 6-7.)

On October 11, 2005, defendant Welch issued a parole hold and charged plaintiff with numerous parole violations. On October 26, 2005, Shasta County Superior Court Judge Wilson Curle dismissed all charges and entered a finding of factual innocence in plaintiff's favor. Judge Curle also ordered defendant O'Marha to destroy plaintiff's arrest records. According to plaintiff, the victim of the alleged car-jacking stated that plaintiff was not the individual who committed that crime. (Id. at 7.)

Notwithstanding Judge Curle's innocence finding, plaintiff alleges that defendants Welch and Abney began harassing members of the community. According to plaintiff, defendants Welch and Abney forced defendant Jennings to lie at plaintiff's parole revocation hearing. In addition, defendant Abney threatened parolee Jimmy Jones that he would "violate him" if he did not provide information regarding the vandalizing of defendant Leedy's vehicle. According to plaintiff, defendant Abney then falsely claimed that parolee Jones told him that plaintiff admitted to vandalizing the vehicle. (Id. at 8.)

Defendant Harmon presided over plaintiff's parole revocation hearing at which defendants Jennings and Leedy testified. Defendant Welch submitted for consideration illegal

5

1  evidence that Judge Curle had previously ordered destroyed.  Defendant Harmon illegally
2  revoked plaintiff's parole and sentenced him to twelve months in state prison with no time
3  credits.  (Id. at 8-9.)

4  Based on these allegations plaintiff claims that: (1) defendants' conduct caused
5  him to be illegally confined for one year in violation of the Fourth, Fifth, Sixth, and Fourteenth
6  Amendments; (2) defendants engaged in a conspiracy in violation of the Fourth, Fifth, Sixth, and
7  Fourteenth Amendments; (3) defendants used excessive force and fabricated a police report in
8  violation of the Fourth, Fifth, and Fourteenth Amendments; and (4) defendants illegally extended
9  his maximum parole discharge date by one year.  Plaintiff also notes that he has previously
10  challenged his parole revocation in habeas corpus proceedings, but his petition was dismissed as
11  moot.  By way of relief, plaintiff requests monetary damages and declaratory and injunctive
12  relief.  (Id. at 10-13.)

13  The court finds that plaintiff's amended complaint appears to state cognizable
14  claims for relief under the Fourth Amendment and Fourteenth Amendment against defendants
15  Maul, Abney, and Welch.  If the allegations of the amended complaint are proven, plaintiff has a
16  reasonable opportunity to prevail on the merits of this action.  See Nonnette v. Small, 316 F.3d
17  872 (9th Cir. 2002) (Heck does not preclude § 1983 action for monetary damages even if action
18  would imply invalidity of conviction since habeas corpus proceedings would be dismissed as
19  moot); see also Swift v. California, 384 F.3d 1184 (9th Cir. 2004) ("[P]arole officers are not
20  absolutely immune from suits arising from conduct distinct from the decision to grant, deny, or
21  revoke parole.").

22  However, the court finds that plaintiff has not stated a cognizable claim against
23  the remaining defendants.  First, as to defendant Boserko, plaintiff has not alleged how this
24  defendant was involved in the deprivation of his statutory or constitutional rights.  According to
25  plaintiff's allegations, at most, defendant Boserko as the Shasta County Patrol Captain
26  supervised defendant Maul.  Defendant Boserko was not directly involved in plaintiff's arrest or

6

parole revocation hearing. As noted above, defendant Boserko cannot be held liable under a respondeat superior theory.

Second, defendant O'Marha's alleged involvement in this case is limited to his prosecution of plaintiff for the attempted car-jacking and related charges that were later dismissed. Where, as here, a state prosecutor engages "in activities 'intimately associated with the judicial phase of the criminal process,'" he is entitled to absolute immunity. Broam v. Bogan, 320 F.3d 1023 (9th Cir. 2003). See also Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority."). In addition, according to plaintiff's allegations, at most, defendant Benito as the Shasta County District Attorney supervised defendant O'Marha. Defendant Benito was not otherwise involved in plaintiff's arrest or parole revocation hearing. Just as is the case with respect to defendant Boserko, defendant Benito cannot be held liable under a respondeat superior theory.

Third, as to defendants Jennings and Leedy, under § 1983 plaintiff has a right to be free from violations of constitutional guarantees by those acting under color of state law. See Van Ort v. Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). However, plaintiff has no right to be free from infliction of such harm by private actors. Id. Here, defendants Jennings and Leedy are private actors who simply testified at plaintiff's parole revocation hearing. Their actions do not constitute state or government involvement for purposes of § 1983. See Briscoe, 460 U.S. 325, 329-30 (1983) ("It is beyond question that, when a private party gives testimony in open court in a criminal trial, that act is not performed 'under color of law.'"). Moreover, even if plaintiff had alleged any facts tending to show that defendants Jennings and Leedy acted under color of state law, they are entitled to absolute immunity for their testimony. See Briscoe, 460 U.S. at 334 ("At least with respect to private witnesses, it is clear that § 1983 did not abrogate the absolute immunity existing at common law. . . ."); Holt v. Castaneda, 832 F.2d 123, 127 (9th Cir.1987)
/////

("[W]e hold that witnesses who testify in court at adversarial pretrial hearings are absolutely immune from liability under section 1983 for damages allegedly caused by their testimony.").

Fourth, as to defendant Harmon, his alleged involvement in this case is based solely on the fact that he presided over plaintiff's parole revocation hearing and sentenced him to an additional year in prison for the violation. Where, as here, a parole official engages in quasi-judicial functions and revokes a parolee's parole, he is entitled to absolute immunity from suit. See Swift, 384 F.3d 1189-90; Sellars v. Procunier, 641 F.2d 1295 (9th Cir. 1981) ("If an official's role is functionally equivalent to that of a judge, the official will be granted equivalent immunity.").

Fifth, as to defendant Shasta County, plaintiff only alleges that it is responsible for the actions of all of its county employees. The same is true with respect to the defendant Director of CDCR, who plaintiff merely alleges is responsible for the actions of all CDCR employees. As the court previously advised plaintiff, these kinds of vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient to state a cognizable claim,. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Moreover, the court cannot serve plaintiff's complaint on a defendant simply identified as the Shasta County Swat Team. To the extent that plaintiff wishes to raise claims against specific members of that unit and is able to identify those officers by name at a later date, he may file a motion for leave to further amend his complaint.

Finally, the court finds that plaintiff's amended complaint does not state a cognizable conspiracy claim or a cognizable constitutional claim under the Fifth Amendment or Sixth Amendment against any of the defendants. "A conspiracy occurs only when the parties have reached a unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement.'" William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1055 (9th Cir.1981) (quoting American Tobacco Co. v. United States, 328 U.S. 781, 809-10 (1946)). Here, plaintiff has not alleged how the defendants conspired or how the

8

conspiracy led to the deprivation of his constitutional rights.  In this regard, plaintiff's conclusory allegations are insufficient to state a conspiracy claim.  In addition, plaintiff has not alleged that any defendant has violated his right to be free from self-incrimination under the Fifth Amendment or violated his right to effective assistance of counsel under the Sixth Amendment. Nor has plaintiff alleged that any defendant violated any other constitutionally protected right of his.  In this regard, plaintiff's conclusory allegations are insufficient to state a constitutional claim under the Fifth Amendment or Sixth Amendment.

Accordingly, plaintiff will be allowed to proceed in this action only on his Fourth Amendment and Fourteenth Amendment claims against defendants Maul, Abney, and Welch.

**OTHER MATTERS**

On August 25, 2008, plaintiff filed a motion to dismiss this action.  However, several days later, plaintiff filed a request to withdraw the motion.  Good cause appearing, plaintiff's request to withdraw his motion will be granted, and plaintiff's motion to dismiss will be deemed withdrawn.

Plaintiff has also filed two motions to seal the record in this matter.  In his motions, plaintiff claims that "outlaw bikers" are seeking public records and information about him.  Plaintiff contends that there is a murder contract on him and that if the "outlaw bikers" obtain information about him, he could be in immediate danger.

The Ninth Circuit has held that, "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access is the starting point.'" Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  Plaintiff, as the party seeking to seal the record in this matter, bears the burden of overcoming the strong presumption by offering "compelling reasons" supported by specific factual findings.  Id. at 1179 ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for

/////

improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.").

Here, plaintiff has made no showing in support of his requests to seal the record in the case. Plaintiff has not shown that there is any real threat to his life nor has he submitted any evidence in support of this allegation. Moreover, plaintiff has not given the court any reason to believe that the individuals he fears have any intent to search through court records to determine his whereabouts. Accordingly, the court will deny plaintiff's motions to seal the record in this matter.

Finally, plaintiff has filed a request to consolidate this case with Case No. 08-0764 GEB EFB P and Case No. CIV S-07-2522 LKK GGH P. He also requests that the court reassign the consolidated case to Magistrate Judge John F. Moulds and District Judge William B. Shubb. First, plaintiff is advised that Case No. 08-0764 GEB EFB P is closed. In addition, the court has reviewed Case No. CIV S-07-2522 LKK GGH P and determined that it is not sufficiently related to the instant case for purposes of Local Rule 83-123(a). Accordingly, plaintiff's request to consolidate and reassign his cases will be denied.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

2. Service of the amended complaint is appropriate for the following defendants: Greg Maul, Larry Welch, and Randy Abney.

3. The Clerk of the Court shall send plaintiff 3 USM-285 forms, one summons, an instruction sheet, and a copy of the amended complaint filed May 20, 2008.

/////

/////

      4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

      a. The completed, signed Notice of Submission of Documents;

      b. One completed summons;

      c. One completed USM-285 form for each defendant listed in number 2 above; and

      d. Four copies of the amended complaint filed May 20, 2008.

      5. Plaintiff shall not attempt to effect service of the amended complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

      6. Plaintiff's August 29, 2008 request to withdraw his motion to dismiss (Doc. No. 21) is granted. Plaintiff's August 25, 2008 motion to dismiss (Doc. No. 20) is deemed withdrawn.

      7. Plaintiff's August 25, 2008 and September 9, 2008 motions to seal the record in this case (Doc. Nos. 20 & 23) are denied.

      8. Plaintiff's September 2, 2008 request to consolidate and reassign his cases (Doc. No. 22) is denied.

DATED: February 10, 2009.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jayn0097.1am

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  MICHAEL AARON JAYNE,
11           Plaintiff,              No. CIV S-06-0097 JKS DAD P
12      vs.
13  ARNOLD SCHWARZENEGGER,           NOTICE OF SUBMISSION
    et al.,
14           Defendants.             OF DOCUMENTS
15  _____/
16          Plaintiff hereby submits the following documents in compliance with the court's
17  order filed _____:
18           ____  one completed summons form;
19           ____  three completed USM-285 forms; and
20           ____  four true and exact copies of the amended complaint filed May 20, 2008.
21  DATED: _____.
22
23
                                          _____
24                                                     Plaintiff
25
26