IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL AARON JAYNE,

    Plaintiff,                        No. CIV S-06-0097 LKK DAD P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.                   FINDINGS AND RECOMMENDATIONS

         Plaintiff, a former state prisoner now in federal custody, has filed a motion for reconsideration of the May 29, 2009 order dismissing this action without prejudice due to plaintiff's failure to return forms necessary for service of process on defendants. (See Findings and Recommendations filed Mar. 24, 2009 (ECF No. 29) and Order filed May 29, 2009 (ECF No. 30)). In his motion for reconsideration plaintiff alleges that he never received the order directing him to complete the forms or the forms that accompanied the order complete. He also contends that he sent a notice of change of address to the court in February 2009, requesting that his address of record be changed to his attorney's address, and that he never received any mail from the court at that new address. The last change to plaintiff's address in this action was on January 14, 2009, when plaintiff's address was changed to California State Prison-Sacramento

/////

1

pursuant to a notice of change of address filed in another action.  No notice of change of address has been filed in this action since that date.

>Rule 60(b) of the Federal Rules of Civil Procedure provides:
>
>(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>(1) mistake, inadvertence, surprise, or excusable neglect;
>
>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Plaintiff's motion arises under Fed. R. Civ. P. 60(b)(1).  Federal Rule of Civil Procedure 60(b)(2) provides that a motion under Federal Rule of Civil Procedure 60(b)(1) must be made "no more than a year after the entry of the judgment or order...."  Plaintiff's motion for reconsideration is untimely and must therefore be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's May 28, 2013 motion for reconsideration (ECF No. 32) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified

/////

1  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

2  (9th Cir. 1991).

3  DATED: June 24, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
jayn06cv0097.60b

3